## JACOB ZAMONI *v* .W. W. ZAZIO.

**Guardian and Ward—Duty to Make Proper Report—Relief From Charges of Interest for Dereliction.**

It being the duty of a guardian to make proper report, he cannot be heard to complain of irregularities in a commissioners report charging interest on amounts in his hands from the time of their receipt.

**Same.**

When a guardian has been derelict in performing his fiducial trusts the presumptions are not in his favor, if not entirely against him, and before a verdict will be reversed for slight irregularities in a commissioner's report, it must be manifest that injustice has been done.

**Same—Expense for Maintenance.**

Expenses for proper caring for a minor, payment of funeral expenses, sickness, etc., does not come within the exceptions of Ses. 9, chap. 43, 1st Rev. St. (stan. 578) and is a proper charge by the guardian out of the corpus of the estate.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 19, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Zamoni became guardian September 8, 1851, for his two minor nephews W. W. Zazio and his brother J. F. Zazio, who died, of hurts received by being run over by a railroad car at Bowling Green, Kentucky, about May, 1860.

The guardian made but two reports and county court settlements, the first in May, 1854, the other January, 1866.

W. W. Zazio being the sole heir of his deceased brother, and having arrived at majority about January 1, 1867, brought this suit, about one month thereafter, to surcharge said settlements and to require his said guardian and his securities to settle and account for all moneys of his in said guardian's hands. The cause was referred several times to the master and reported on by his deputy, to which exceptions were taken and sustained, and the report re-committed for further report until the master himself made a final report April 17, 1868, which the court confirmed, notwithstanding both parties excepted to it, and adjudged against the defendants the sum of $2270.50, from which the defendants have apealed.

The first error is assigned on the rejection of the board charged against W. W. Zazio for the year 1861; the evidence as to this is conflicting, but, like the commissioner, we regard the weight of testimony as indicating that said ward lived with his grand-father at Shepherdsville the year of 1861 and neither he nor his guardian paid therefor, as no charge was made.

the board of his ward, without deducting for any absence, for two

The commissioner allowed Zamoni four dollars per week for years, when it is clear he was absent weeks at a time visiting his relatives, and although the weight of evidence might indicate that five dollars per week would be reasonable with such a deduction, it by no means appears that four dollars per week would be too low considering such absence; we therefore concur with the commissioner as to this.

Another exception is as to the manner of computing interest.

The commissioner calculated interest for stated periods on the balance previously found due and in guardian's hands; he then calculated the rents without interest for these periods of from one to two years and then allowed board and advances without interest and struck the balance, and so on, for the next period.

This mode of computing is not strictly legal; annual settlements should have been made by the guardian; he would then have gotten his proper credits and thus prevented interest bearing interest to that extent, and would have been the more strictly legal way of making this sttlement; but as it does not appear that the guardian loaned out the surplus in his hands, but we infer he used

it himself, had he made these annual stettlements each yearly balance would have drawn interest as against him, without bi-annual rests, and as the necessity of this suit grew out of the guardian's dereliction of duty, he is not in a very graceful condition to demand strictly legal documents, having acted illegally himself; but it by no means definitely appears that upon a strictly legal settlement injustice is done him.

He also now complains of the amount of rents charged against him, but as to these he made no special exception to the commissioner's report, but now insists that it fails under the general one, that the proof did not authorize the report.

As these rents were for a house and lot belonging jointly to the guardian and his wards, it is evident that the commissioner's report was made up from Zamoni's account of the rents, and that there was no controversy before him as to these matters; if there had been, it would have been assigned as a special cause of exception.

When a guardian has been so derelict in performing his fiducial trusts, the presumptions are not in his favor, if not entirely against him, and before we would reverse under such circumstances, it would have to be made manifest that injustice was done him.

The plaintiff prosecutes a cross-appeal because in the settlement of the accounts of the guardian with J. F. Zazio, deceased, a balance of some $316.24 appears after exhausting his personal estate, and therefore remained as a charge upon the real estate descendd to his surviving brother, which it is insisted is in conflict with *section 9, chapter 43, 1 Stant. Rev. 578,* which enacts that

> "no disbursement shall be allowed the guardian for the maintenance and education of the ward beyond the income of the estate, except in the following cases: unless authorized by the deed or will under which the estate is devised."

The exceptions are when the ward is of such tender years or infirm health that he cannot be bound out as an apprentice, or when it is best that the principal of his personal estate shall be applied for his board and tuition. *"But neither the ward nor his real estate shall be liable for any such disbursement."* The personal estate and the income of the real estate had been exhausted in the boarding, clothing and tuition of the ward, therefore the

expense of his last sickness and the burial expense must come out of the real estate, or else be paid as a gratuity by the guardian, or other relative or friend.

This character of expense does not fall within the letter or spirit of the statute, nor does it come within its wise objects to protect the ward's estate for his enjoyment when arrived at full age, against his capricious whims and improvidence whilst a minor, and at the same time withholding from the guardian all inducements to yield to such, either through a too careless regard for the ward's interest, or for any profit the guardian might thereby make.

It was a necessary and essential expense to give him proper attention whilst alive and a Christian burial when dead, and we think the charges both reasonable and proper.

Wherefore, the judgment is *affirmed* on both the original and cross-appeal with damages there being a *supersedeas*.

*Stirman, for appellant.*

*A. H. Field, for appellee.*